82,760-01

Jared Lloyd Shanklin #1202034
Stringfellow Unit A4-21
1200  FM  655
Rosharon, Texas 77583

January 12,2015

Clerk,Abel Acosta
Supreme Court Bldg.
201 W. 14th St.Rm.106
P.O. Box 12308
Austin, Texas 78711-2308

Dear Clerk Acosta,

Please find enclosed a copy of Applicant's Objections To State's Findings of Facts and Conclusions of Law, and Order.

Will you please file these into the court promptly,under the same cover for consideration.

Also, please notify me of this filing, by stamp-dated and file-marked copy and return of ths cover letter to me at the address above.

Thank you for your time and assistance in this matter.


Sincerely,


Jared Lloyd Shanklin
#1202034


RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 11 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

CAUSE NO: 941654-A

EX PARTE

JARED LlOYD SHANKLIN
            Applicant.            IN THE COURT OF CRIMINAL
                                    APPEALS, AUSTIN TEXAS

APPLICANT'S OBJECTIONS TO
STATE'S PROPOSED FINDINGS OF FACTS,
AND CONCLUSIONS OF LAW, AND ORDER

Comes now, Jared Lloyd Shanklin, #1202034, pro se applicant, in the above numbered cause, having been served with the State's Proposed Findings of Facts and Conclusions of Law, And Order, now OBJECTS to the findings pursuant to Tex. Code of Crim. Proc. Ann. art. 11.07 §3, and presents the following:

I.

Applicant has no objections to point(I.)in the State's Findings and agrees that reversal was on punishment, in which he recieved Thirty years. (See State's Original Answer @ p.1-2)

However, Applicant OBJECTS to the following portions of the Findings of Facts:

#6, because while the appellate court found that trial counsel's failure ~~failure~~ to seek the instruction on manslaughter, 'such failure was in fact so outrageous that no competent attorney would NOT have engaged in such trial strategy.

Shanklin argued in his 11.07, that because his trial counsel failed to give an explantion of why he chose not to request a lesser offense instruction in his affidavit at the new trial hearing, and that the State was not at liberty to fabricate a tactical reason for his trial counsel's failure. (See Shanklin's MEMORANDUM OF LAW - MOL hereafter MOL p.4-6)

1

Shanklin relied on BIAGAS V STATE,177 SW 3d 161-170-71 (Tex.App.-Houston [1st Dist] 2005), and MORE V JOHNSON, 194 F3d 586,604 (5th Cir.1999), further Shanklin's counsel stated in his affidavit that his failure was not the result of any reasoned trial strategy. (SHANKLIN,190 SW 3d 160)

Point is the State's application of STRICKLAND standard is unreasonable and in direct opposition of Federal Court findings which does not allow the court to make up a strategy for counsel, especially when counsel has stated that he made no reasoned choice in strategy, as here. See MOORE V JOHNSON,194 F3d 586,604 (5th Cir.1999)

Furthermore, Shanklin argued his counsel's failure to seek mitigating evidence on the issue of Defense of A Third Party (MOL @ p.2), which the state failed to address, has not been found on the facts. Thus an evidentiary hearing is needed.

Shanklin OBJECTS to all of the findings of facts made by the State in that they were found of the appellate court based on the application of another writ, in which the substance of his claims were different from those argued in the previous application. Shanklin argued, as stated His counsel's failure to seek lesser instruction of manslaughter and to present mitigating evidence on Defense of Third Party;(B) Failed to Call Eyewitnesses to Incident;(C) Failed to hire Expert to Present Mitigating Evidence (WILLIS' STROKE);(2a) Failure to Raise Ineffective Assistance of Trail Counsel for failing to raise claims mentioned above. Shanklin also argued Abuse of Discretion (MOL p.21).

2

none of Shanklin's claims have been addressed.

The State does not argue that Shanklin's claims are barred as a second and successive writ, but that Shanklin is barred from raising the same claims in a second writ (State's Conclusion of law @ 1).

As stated Shanklin presents new arguments which the state has not addressed.(See MOL) An Evidentiary Hearing is needed, that findings of facts can be made upon Shanklin's new arguments stated in his memorandum and application.

Shanklin Objects to all of the state's conclusions of law because by the State's own admission Shanklin's counsel was found ineffective for his failure to request an instruction on manslaughter, and was found ineffective on his failure to elicit testimony regarding lack of intent to kill.(State's Findings @ 3) Shanklin Objects to #7, because by State's own admission it stated that appellate counsel should have raised the claim on direct appeal.(See Conlusions of Law @ 1 ; 9)

Shanklin objects to #5, as none of his claims are conclusionary because if the evidence would not have been sufficient to sustain a finding of guilt, aquittal would have been in order.

Shanklin Objects to #6, in that the appellate court did in fact find, by a preponderance of the evidence that counsel was objectively deficient in his representation, and that counsel was ineffective during the punishment phase of trial.

Such findings are contrary to the evidence and are unreasonable determinations of facts, in light of the evidence.

Shanklin objects to #8, in that his claim of sufficiency of the evidence clearly would have been a better claim to raise, or in the alternative, equally as persuasive as the claim of counsel's failure to seek an insatruction on manslaughter.

Shanklin objects to #9, in that a miscarriage of justice would occur because Shanklin argued under the plain-error standard of review .UNITED STATES V RODRIGUEZ,15 F3d 408,415 (5th Cir. 1994)

Shanklin objects to #10 conclusion of law, as in all things the state court's findings of facts and conclusions of law are both unreasonable determinations of the facts and unreasonable applications of clearly established federal laws.LINDH V MURRAY, 521 US 320,336,117 S.Ct.2059,138 L.Ed.2d 481 (1997)

Accordingly, it is recommended to the Texas Court of Criminal Appeals, that Shanklin's objections be considered and that an EVIDENTIARY HEARING be held to determine whether affidavit filed in support of Shanklin's claim of counsel's failure to call eyewitness,Ms. Lilly (See EXHIBIT-A) would have made a difference in the outcome of trial. (SEE MOL.p.6-8)

Respectfully Submitted,

*Jared J. Shanklin*

JARED LLOYD SHANKLIN #1202034
Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

I, Jared Lloyd Shanklin, do declare and state that a copy of the foregoing Applicant's Objections To State's Proposed Finding of Facts and Conclusions of law, and Order was mailed to the State's Attorney at 1201 Franklin St., Suite 600, Houston, Texas 77002, on this the _12_ day of _JANUARY_, 2015.

_Jared L. Shanklin_
Jared L. Shanklin, TDCJ#
1202034